NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICIA Y. MABEY | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil No. 11-cv-00478 (DMC)(JAD) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 464A, WILLIAM EDMONDS, MICHAEL PISCATELLI, JOHN NICCOLAI, et al. |  |
| Defendants |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by UFCW Local 464 A ("Defendant") to dismiss the complaint of Patricia Y. Mabey ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Of Civ. P. 78, no oral argument was heard. After reviewing the submissions of the parties, and for the reasons stated herein, Defendant's motion is **granted**.

**I.     BACKGROUND**

1

Plaintiff was employed by Defendant A &P as a pharmacy technician from on or about January 2006 until March 31, 2010, at which point her employment was terminated. Plaintiff alleges that she was dismissed without cause, and that the collective bargaining agreement between her employer and her union specified that, with limited exceptions, employees could only be discharged for "just cause." Plaintiff was, during her employment, a member of Defendant union, and pursuant to the collective bargaining agreement between Defendants, she was entitled to union representation to challenge her discharge through the specified grievance procedure. Although the union did file a grievance on behalf of Plaintiff on April 8, 2010, after a hearing at which both union and employer representatives were present, Defendant notified Plaintiff that it had determined that her discharge was justified and that it would not file further grievance on her behalf. Plaintiff alleges that this decision was made unilaterally, and arbitrarily, and that it was made by representatives of the union with personal animus toward Plaintiff. Plaintiff alleges that the union Defendant breached its obligation of a duty to fairly represent her. Plaintiff began this cause of action in New Jersey State Court, and Defendant subsequently filed a timely notice of removal to Federal Court. Before the Court are Defendant's motion to dismiss, and Plaintiff's request that the case be remanded to New Jersey State Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

2

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The complaint must state " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Wilkerson v. New Media Tech. Charter School Inc.,* 522 F.3d 315, 321 (3d Cir.2008) ( quoting *Twombly,* 550 U.S. at 556). The Court of Appeals has recently made clear that after *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ( quoting *Iqbal,* 129 S.Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of *Twombly* and *Iqbal:* "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 210-11 ( quoting *Iqbal,* 129 S.Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an

3

entitlement with its facts." *Id.* (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir.2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949.

### III. DISCUSSION

Defendant avers that this case is governed by § 301(a) of the Labor Management Relations Act, and is therefore untimely. Although Plaintiff contends that "applicable law holds that when an employee brings a suit against a union for breaching its duty of fair representation ('DFR') state court jurisdiction is not preempted,"(Plaintiff's reply brief, ECF Doc. 4, p. 3) that is simply not the case, at very least in a situation where both the employer as well as the union are being sued. Plaintiff's reliance on the New Jersey Employer-Employee Relations Act ("EERA") is inapposite, as Defendant points out. In fact, the case cited by Plaintiff to support that reliance states, "under the EERA, a union has the exclusive right to represent the interests of *public* employees. N.J. Stat. Ann. § 34:13A-5.3." *Farber v. City of Paterson* 440 F.3d 131, 143 (C.A.3 (N.J.),2006). (emphasis added). All of the cases cited by Plaintiff in support of applying the six-year statute of limitations applicable to EERA claims are, in fact, cases that involve public employees. As Defendant correctly points out, "the EERA "creates no rights or duties for employees, employers, or unions in the private sector." (Defendant's reply brief, ECF Doc. 5, p.4). Although it is true that "an exception to the binding effect of the union's arbitration of an employee's grievance applies when the employee can establish a breach of the union's duty of fair

4

representation," the Supreme Court went on to describe the remedy available under that circumstance to be "a § 301 suit against the employer on a breach of contract claim and against the union for a violation of the duty of fair representation. These actions are commonly termed 'hybrid' section 301 suits." *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In this case, where Plaintiff has sued both her employer and her union, there is no other source of relief available to her other than an action under § 301(a).

Plaintiff seeks to distinguish this case as an instance where the collective bargaining agreement is not implicated, and where the cause of action arises solely from the union's failure to meet its duty to fairly represent ("DFR") her. As this Court held previously in *Johnson v. U.S. Postal Services* 2007 WL 1946661, 6 (D.N.J.) (D.N.J.,2007), however, under analogous circumstances, "the statute of limitations for DFR claims is six months." *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169-72 (1983); *Bullock v. Dressel,* 435 F.3d 294, 299 (3d Cir.2006). Plaintiff's contention that state law applies because "the activity regulated was merely a peripheral concern of the LMRA." (Plaintiff's reply brief, ECF Doc. 4, p.4) is not supported by case law. As the New Jersey Supreme Court held in *CFM Associates, Inc. v. International Broth. of Elec. Workers Local No. 269* L 772841, 7 -8 (N.J.Super.A.D.,2010), "the exceptions for 'peripheral concerns' and 'deeply rooted local interests' are applied somewhat narrowly. In *Belknap, supra,* 463 *U.S.* at 533 n. 7, 103 *S.Ct.* at 3195 n. 7, 77 *L. Ed.*2d at 829 n. 7, the Court noted that the exceptions applied to 'malicious libel,' as in *Linn v. United Plant Guard Workers,* 383 *U.S.* 53, 86 *S.Ct.* 657, 15 *L. Ed.*2d 582 (1966), and the intentional infliction of emotional distress brought about by conduct 'so outrageous that 'no reasonable man in a civilized society should be expected to endure it.'"

*Farmer, supra,* 430 *U.S.* at 302, 97 *S.Ct.* at 1064, 51 *L. Ed.*2d at 351. *See also Garmon, supra,* 359 *U.S.* at 247, 79 *S.Ct.* at 781, 3 *L. Ed.*2d at 784 (recognizing that the case law has permitted state jurisdiction where there was "conduct marked by violence and imminent threats to the public order"). Plaintiff makes no comparable allegations that would allow the Court to find that her claim fit within the narrow rubric of peripheral concerns that might take this case out of the realm of Federal preemption.

The Court is not unmindful of the harshness of dismissal based on the statute of limitations, and the result that it leaves Plaintiff without an adjudication on the merits of her claim. As she points out, "the Supreme Court held that to leave an employee remediless would be a great injustice." (Plaintiff's reply brief, ECF Doc. 4, p. 5). Nonetheless, this is not a situation in which Plaintiff was without remedy; she merely needed to exercise her right to pursue this action within six months of the date on which Defendant refused to further prosecute her grievance. The fact that she did not avail herself of that remedy until nine months had passed is unfortunate, but beyond the power of the Court to correct. Because her suit is untimely, it must be dismissed.

## IV. <u>CONCLUSION</u>

For the reasons contained herein, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. An appropriate order follows this opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:     May  _31_, 2011

Original:   Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File